OSMAN vs. TRAPHAGEN.

---

## WILLIAM N. OSMAN vs. NATHANIEL TRAPHAGEN.

In July, 1847, A and B, as administrators of an estate, are licensed to sell two parcels of land A gave the bond and took the oath required by law, but B declined to qualify. A sold the two parcels together, June 17, 1848, and made his report of sale which was confirmed June 4, 1849, A executed a deed to the purchaser and received the last of the purchase

money. Subsequently both adm inistrators filed their accounts which were allowed. In a suit in ejectment by the heir of decedent against one holding by *mesne* conveyances un der the administrator's sale, *Held,*

1. The omission to sell in parcels was a mere irregularity, not to be attacked collaterally.

2. The statute does not require the purchase money to be paid before the deed is given. The administrator may give credit for not more than three years on three-fourths of the purchase money.

3. The omission to give a deed within one year from the date of order of sale cannot be urged against the title.

4. The non-joinder of the administrator, who failed to qualify, in the sale and conveyance can not be urged against the title.

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—This was an action of ejectment by Traphagen to recover two separate parcels of land in Oakland County. The case was tried without a jury, and the facts found that in September, 1846, Nathaniel Traphagen, the father of defendant, died seized of the land, leaving Mary Traphagen, his widow, and the defendant, his son and only heir. Letters of administration were issued to the widow and to Abraham A. Traphagen, the father of decedent, who regularly qualified and entered upon the trust, and continued in office until the estate was settled. The land in question was appraised at $400, and demands allowed by the Judge of Probate, acting as commissioner, against the estate to $477 61.— After deducting the authorized allowances no personal property remained to pay the debts, and the administratrix and administrator applied in November, 1847, for a license to sell the real estate, which was duly granted in July of that year, and which directed the order of sale of the several parcels. The administratrix refused to proceed any further in the matter of sale after the obtainment of the license, whereupon the administrator went on and gave the required bond and took the oath, advertised the premises to be sold at a specified and proper time and place, and sold the two parcels at one bid, subject to the widow's right of dower, to Margaret A. Miller for $225. This sale occurred June 17, 1848, the widow then residing on the premises and by her attorney forbidding the sale — Two days thereafter the Judge of Probate duly confirmed the sale, and on the 4th of June, 1849, the administrator conveyed the premises to the purchaser, and received the last of the consideration money. The administrator and administratrix filed their accounts with the Judge of Probate. by whom they were allowed, Subse-

OSMAN as. TRAPHAGEN.

quently Margaret A. Miller, the purchaser, and her husband, conveyed the premises by warranty deed to the said Abraham H. Traphagen, who afterward, by like conveyonce, transferred them to plaintiff, he being a purchaser in good faith for valuable consideration, and with no actual knowledge of the alleged facts, and he was in possession, claiming title when and before the suit was commenced.

The Court below, found as a matter of law, that the execution of the deed was defective, because only one of the administrators signed and executed it, wherefore it was a case of defective execution of a power which could not be remedied on the law side of the Court. Judgment was accordingly given for defendant.

The defendant insists that the sale was irregular and void; first, because the sale and conveyance were by only one of the two representatives, when the license was given to two; second, because two separate and distinct parcels were sold at one bid; third, because the sum bid was not paid in full before the deed was given; fourth, because the deed was not delivered within a year from the sale.

*Held*, That if the two parcels were sold together, the sale was not made void thereby. That fact went no farther by way of impairing the sale than to make it voidable at the instance of some one aggrieved, and in a direct porceeding in the Probate Court or upon appeal. The omission to sell in parcels will be treated as a mere irregularity which cannot be resorted to to invalidate the sale when attacked collaterally.

*Held also*, That the statute does not require the purchase money to be paid before the deed is given. The administrator is allowed to give credit for not more than three years on three-fourths of the purchase price.

*Held further*, That the omission to give a deed within a year from the order cannot be urged against the title. That question is settled in *Howard vs. Moore*, 2 *Mich.*, 226.

*Held further*, That the non-joinder of the administratrix did not nullify the sale. She never qualified in reference to such sale, and therefore could not act. The sale was that of the administrator, and he was the only person competent to make it. It was duly confirmed by the Probate Judge. who in such confirmation passed upon the question of its legality.

The judgment must be reversed with costs and a new trial ordered.